United States Court of Appeals,

Eleventh Circuit.

No. 97-2304.

UNITED STATES of America, Plaintiff-Appellee,

v.

Stephen MUENCH, Defendant-Appellant.

Sept. 10, 1998.

Appeal from the United States District Court for the Northern District of Florida. (No. 1:96-CR-26-001), Maurice M. Paul, Judge.

Before HATCHETT, Chief Judge, and DUBINA and CARNES, Circuit Judges.

DUBINA, Circuit Judge:

In this criminal case prosecuted under the Child Support Recovery Act ("CSRA"), 18 U.S.C.A. § 228 (West Supp.1998), Appellant Steven Muench ("Muench") appeals the district court's order denying Muench's motion to dismiss for improper venue. Muench also challenges the district court's order requiring him to pay restitution.

## I. FACTUAL BACKGROUND

Muench and his wife divorced in Texas in 1983. The divorce decree ordered that Muench make monthly payments of $300.00 for the support of his two children. By court order, Muench was to send these payments to the Child Support Office for Dallas County, Texas. Sometime after the divorce, Muench's former wife moved to Florida with the children. Muench remained in Texas.

## A. STATE COURT PROCEEDINGS

In 1988, Muench's former wife filed an action in a Florida state court seeking an order to enforce Muench's child support obligation, and a Florida court entered such an order pursuant to the Uniform Reciprocal Enforcement Support Act ("URESA"), finding that Muench had willfully failed

to pay $8,090.00 in court ordered child support. In 1992, the same court entered another URESA order which found that Muench was in arrears for $20,060.00 for past due child support. In 1994, in compliance with URESA, a Texas state court found Muench in arrears in child support and ordered him to pay his current obligation of $300.00 per month, plus $150.00 per month for reimbursement of medical and dental expenses, and an additional $200.00 per month towards the arrearage. In total, from 1983 to January 23, 1997, Muench failed to pay $29,626.50 in court ordered child support.

## B. FEDERAL PROSECUTION

In 1996, Muench was indicted in the United States District Court for the Northern District of Florida for intentionally, willfully, and unlawfully failing to pay in excess of $5,000.00 in child support, as ordered by a Texas state court, from October 25,1992, through October 5, 1995, in violation of the CSRA, 18 U.S.C.A. § 228. Muench filed a motion to dismiss the indictment on the grounds that venue did not lie in the Northern District of Florida, arguing that venue was proper only in Texas, where the child support order in question was issued. The district court denied Muench's motion to dismiss.

Muench entered a guilty plea to the indictment, reserving the right to appeal the court's denial of the motion to dismiss. At sentencing, Muench objected to the $29,626.50 restitution award recommended in the Presentence Investigation Report ("PSI") on the basis that an award of this amount would result in an ex post facto application of the CSRA because approximately $20,000.00 of the arrearage was for child support due prior to October 25, 1992, the date the CSRA became effective.

The district court sentenced Muench to a six-month term of incarceration and ordered him to pay $29,776.50 in restitution. After Muench filed this appeal, the district court stayed his sentence pending a ruling by this court.

## II. ISSUES

A. Whether the district court erred in denying Muench's motion to dismiss for improper venue.

B. Whether the district court's restitution order, which required Muench to pay restitution for child support that accrued prior to the CSRA's effective date, violated the Ex Post Facto Clause of the United States Constitution.

## III. STANDARD OF REVIEW

A district court's denial of a motion to dismiss for improper venue is subject to *de novo* review. *United States v. Crawford,* 115 F.3d 1397, 1405 (8th Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 341, 139 L.Ed.2d 264 (1997). We also review ex post facto challenges *de novo. Thompson v. Nagle,* 118 F.3d 1442, 1447 (11th Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 1071, 140 L.Ed.2d 130 (1998).

## IV. DISCUSSION

A. VENUE

The Constitution contains two provisions safeguarding the venue rights of a criminal defendant. Article III, § 2, cl. 3 states that "Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed." The Sixth Amendment requires that criminal trials be held before "an impartial jury of the State and district wherein the crime shall have been committed." Accordingly, Rule 18 of the Federal Rules of Criminal Procedure provides that "prosecution shall be had in a district in which the offense was committed."

3

The CSRA criminalizes willful failure "to pay a past due support obligation with respect to a child who resides in another state." 18 U.S.C.A. § 228(a). Muench contends that venue was not proper in this case in the Northern District of Florida because he was in Texas when he failed to pay the past due child support and, most importantly, because the indictment only charges him with a failure to pay in accordance with the Texas court's mandate which ordered him to send his support checks to a child support office in Texas.

1. *Prior venue decisions under the CSRA*

Two other circuits have addressed the issue of venue under the CSRA, and both have found that venue was proper in the district where the children entitled to receive the support reside. In *United States v. Crawford,* 115 F.3d 1397 (8th Cir.1997), the Eighth Circuit determined that venue was appropriate both in the district where the child lived as well as the district where the support payments were to be deposited. *Id.* at 1406. Similarly, in *United States v. Murphy,* 117 F.3d 137 (4th Cir.1997), the Fourth Circuit held that venue was proper in the district where the defendant's daughter lived. *Id.* at 140. We join our sister circuits and hold that venue was proper in this case in Florida because that is where Muench's children reside.

*Crawford* involved a factual scenario very similar to the present case. In *Crawford,* a Texas court issued a child support order. Crawford's former wife and two children later moved to Missouri, while he continued to live in Texas and Louisiana, having no contact with Missouri aside from the fact that his children lived there. 115 F.3d at 1398-99. When he was later indicted in the Eastern District of Missouri for violating the CSRA, Crawford contended that the indictment should be dismissed for improper venue. *Id.* at 1403. The Eighth Circuit concluded that venue was proper in Missouri because Crawford's crime was a continuing offense that could be prosecuted where it

4

was begun, continued, or completed. *Id.* at 1405-06 (citing 18 U.S.C.A. § 3237(a) which provides that venue is proper "in any district in which [a continuing] offense was begun, continued, or completed"). The court explained:

> For obvious reasons, it is difficult to conceptualize or to describe the place where a crime was begun, continued, or completed when the crime itself was an omission or failure to act. Nevertheless, if the crime of failing to pay child support obligations occurs anywhere, it is fair to say that it occurs where there is an absence of the required payment. Thus, the crime occurs not only at the place where the payment was to be deposited, but also the place where it was ultimately to be received by the would-be intended recipient.

*Id.* at 1406. The Eighth Circuit emphasized that because the CSRA expressly criminalizes failure to pay support to a child living in another state, the residence of the child "clearly contributes to the nature of the crime," providing a basis for venue where the child resides. *Id.*

The Fourth Circuit also focused on the interstate nature of the CSRA in *Murphy,* in which the divorce took place in Oklahoma, and the defendant's former wife and daughter moved to Virginia. *See Murphy,* 117 F.3d at 138. Murphy's ex-wife sought assistance from the Virginia child support authorities in collecting support from Murphy, who was then living in Texas. The Virginia authorities contacted their Texas counterparts, and, in a URESA action, a Texas court ordered Murphy to pay his support into a Texas child support office, which would transfer the funds to Virginia's child support registry for disbursement to Murphy's ex-wife. Murphy eventually moved to Florida and then to New York. He argued that venue was only proper in Florida, the state where he resided when he failed to pay the past due child support, and in Texas, the state to which he was required to make support payments. *Id.* at 139.

The Fourth Circuit determined that because the statute makes it an offense to fail to pay child support with respect to a "child who resides in another state," venue was proper in Virginia, where Murphy's child resided. *Id.* at 140. The *Murphy* court emphasized that proper venue should

5

promote a statute's aims, and that the CSRA concerns enforcement of parental obligations across interstate lines. *Id.* at 140. Thus, "[l]imiting venue to the state where the order commanding payment was entered or to the state where the delinquent parent resides would do nothing but frustrate Congress' intention in passing this Act." *Id.* at 141. We agree with the Fourth Circuit that under the CSRA, "the duty to pay runs to the defendant's child," and, therefore, the child's residence is a proper venue for criminal prosecution under the statute. *See id.* at 140. The place that suffers the effects of a crime deserves consideration for venue purposes. *United States v. Reed,* 773 F.2d 477, 482 (2nd Cir.1985) (holding that venue in perjury and obstruction of justice case was proper in the district in which the proceeding to be obstructed was pending, even though the unlawful acts took place elsewhere). The victims of Muench's crime under the CSRA are in Florida. Therefore, the United States Attorney for the Northern District of Florida has a particularly strong interest in prosecuting Muench for his failure to pay past due child support.

2. *The failure to act cases*

Muench contends that because his indictment was based upon a failure to act, venue lies in the district where he was required to perform his duty to pay child support. The child support order required that he send monthly checks to the Child Support Office in Dallas County, Texas. Muench relies on a line of Supreme Court precedents that establish that in cases in which the violation consists of a failure to file a required statement or to report to a specified location, venue lies in the place designated for performance. *See Travis v. United States,* 364 U.S. 631, 636, 81 S.Ct. 358, 5 L.Ed.2d 340 (1961) (stating that "[w]hen a place is explicitly designated where a paper must be filed, a prosecution for failure to file lies only at that place"); *Johnston v. United States,* 351 U.S. 215, 220, 76 S.Ct. 739, 100 L.Ed. 1097 (1956) (holding that venue for prosecution of conscientious

6

objectors who failed to report for work lay in the district where the work was to be performed); *United States v. Lombardo,* 241 U.S. 73, 78, 36 S.Ct. 508, 60 L.Ed. 897 (1916) (concluding that venue was proper only in the District of Columbia for prosecution based on a Washington State resident's failure to file a statement required by a statute that designated the District of Columbia as the place of filing).

Muench argues that under *Travis, Johnston,* and *Lombardo,* venue lies only in Texas because that is where he was obligated to send his support checks. Although we consider this to be Muench's strongest argument, we conclude that it fails because the failure to act cases upon which Muench relies are distinguishable from this prosecution under the CSRA. Proper venue " "must be determined from the nature of the crime alleged and the location of the act or acts constituting it.' " *United States v. Cabrales,* --- U.S. ----, ----, 118 S.Ct. 1772, 1776, 141 L.Ed.2d 1 (1998) (quoting *United States v. Anderson,* 328 U.S. 699, 703, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946)). Unlike this case, the failure to act cases did not involve statutes designed to protect victims who reside in another state. As the Fourth Circuit in *Murphy* explained, "[v]enue considerations are quite different where, as here, the action at issue is payment to an intermediary whose function is to forward the payment to a third party." 117 F.3d at 140 (distinguishing *Johnston,* 351 U.S. at 220, 76 S.Ct. 739). In each of the failure to act cases cited by Muench, there were only two possible venues, the place where the defendant was present when he failed to act, and the place designated for the required performance. *See Murphy,* 117 F.3d at 140. Here, the statute itself refers to another location, the state where the child resides. *See* 18 U.S.C.A. § 228. Accordingly, we agree with the district court that venue is proper in Florida, where the intended recipients of Muench's past due child support live.

Muench also relies on an example the Supreme Court used in *Lombardo* to illustrate the point that in failure to act cases in which the statute of conviction designates a particular place for performance, venue lies at the place designated by law. 241 U.S. at 77-78, 36 S.Ct. 508. The Court explained that

> [i]t may be that where there is a general duty it may be considered as insistent both where the "actor" is and the "subject" is, to borrow the government's apt designation, as in the case of the duty of a father to support his children; and if the duty have criminal sanction, it may be enforced in either place. The principle is not applicable where there is a place explicitly designated by law.

*Id.* Muench contends, based on this passage, that venue is only proper in Texas, where he was obligated to send child support checks. To the contrary, the passage says a child support criminal sanction may be enforced "in either place," meaning where the father fails to pay support or where the child due the support resides. That is what the Supreme Court said.

The statute pursuant to which the defendant was prosecuted in *Lombardo* required the filing of a statement with the Commissioner General of Immigration in the District of Columbia. *Id.* at 74-75, 36 S.Ct. 508. Thus, we understand the Court's reference to "the place explicitly designated by law," to mean the criminal statute under which the defendant was prosecuted. *See id.* at 78, 36 S.Ct. 508. In this case, the statute of conviction does not designate a specific place for prosecution, and as a result prosecution is proper "in either place."

Muench's argument is based on the fact that the indictment referred to a Texas court order that required him to pay support into a Texas state office. We do not think that venue in prosecutions under the CSRA should be controlled by the state court orders that designate payment of child support in a particular location. Procedures regarding where child support payments are processed are likely to vary from state to state and from case to case. For example, in *Murphy,* the

8

defendant sent payments to a child support office in Texas which forwarded them to a Virginia child support registry for disbursement to the dependent children who lived in Virginia. *See* 117 F.3d at 138. The concurring opinion in *Murphy* reasoned that venue was proper in Virginia only because that is where the child support payments were designated for disbursement, explaining that the fact that the children lived in Virginia would not on its own support a finding of proper venue. *See id.* at 141-42 (Williams, J., concurring) (citing *Johnston,* 351 U.S. at 220, 76 S.Ct. 739). We agree with the majority in *Murphy* that the district where the children reside is a proper venue for prosecutions under the CSRA. *See id.* at 141. The CSRA specifically refers to the state where the victim of the crime resides, making it a crime to fail to pay past due child support to a child or children in another state. *See* 18 U.S.C.A. § 228.[1] It follows that venue is proper in the state where the children live.

3. *18 U.S.C.A. § 3237 and continuing offenses:*

This case raises the issue of whether Muench's crime was a continuing offense such that it falls within the venue provision set out in 18 U.S.C.A. 3237 which states that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C.A. § 3237(a). The district court applied 18 U.S.C.A. § 3237, finding that Muench's crime was a continuing offense that could be tried in either Texas or Florida.

---

[1]While this appeal was pending, Congress clarified its intent that a prosecution under the CSRA can be brought in the district where the child resides. A recent amendment to 18 U.S.C.A. § 228 added a venue provision that states that an action prosecuted under this statute may be brought, among other places, in the district where the child entitled to support resided during a period in which the defendant failed to pay support. Deadbeat Parents Punishment Act of 1998, Pub.L. No. 105-187, 112 Stat. 618 (Approved June 24, 1998).

Likewise, the Eighth Circuit determined that a violation of the CSRA was a continuing offense subject to 18 U.S.C.A. § 3237. *Crawford,* 115 F.3d at 1406.[2]

In *United States v. Cabrales,* --- U.S. ----, 118 S.Ct. 1772, 141 L.Ed.2d 1 (1998), the Supreme Court recently dealt with the question of whether the violation charged in a money laundering case constituted a continuing offense for purposes of 18 U.S.C.A. § 3237. The defendant in *Cabrales* purportedly laundered the proceeds of a Missouri drug conspiracy in Florida. *Id.* at ----, 118 S.Ct. at 1775. Because the government indicted Cabrales for a transaction that took place entirely in Florida, the Court held that the violation charged was not a continuing offense and that venue in Missouri was improper under the circumstances. *Id.* at ----, 118 S.Ct. at 1776 (explaining that the statutes defining the violations interdict only the financial transactions and not the anterior crimes that yielded the laundered funds). It was "immaterial" to the money laundering prosecution whether the defendant knew the location of the crimes that generated the money to be laundered, as long as she knew that the funds "derived from "specified unlawful activity.' " *Id.* The Court stated that the Missouri venue of the drug trafficking activity that generated the money to be laundered was "of no moment" to the crime charged. *Id.* Thus, venue in Missouri was improper. *Id.*

In contrast to the situation in *Cabrales,* the contested venue in this case, Florida, is highly material to the violation charged due to the fact that the CSRA criminalizes failure to pay past due child support owed to a child who resides in another state. Venue in a criminal case, though a constitutional matter, requires an inquiry into what conduct the statute proscribes. *See id.* at ----, 118

---

[2]In *Murphy,* the Fourth Circuit did not discuss whether or not a violation of the CSRA is a continuing offense. *See* 117 F.3d at 139-41. Rather, the *Murphy* court analyzed the question of proper venue in terms of the Fourth Circuit's test for venue cases which calls for an inquiry into the pertinent verbs that define the criminal offense. *Id.*

10

S.Ct. at 1775. If Muench's children did not live outside the State of Texas, there would have been no violation of the CSRA. Muench's offense was a continuing offense because it was completed when his children in Florida failed to receive their past due support. Justice Frankfurter's statement for the Court in *United States v. Johnson,* 323 U.S. 273, 275, 65 S.Ct. 249, 89 L.Ed. 236 (1944), is relevant to this point. There he said, "By utilizing the doctrine of a continuing offense, Congress may, to be sure, provide that the locality of a crime shall extend over the whole area through which force propelled by an offender operates." *Id.* at 275, 65 S.Ct. 249. Muench's failure to pay child support is a continuing offense, and the force of that failure is felt nowhere with more impact than where the child due those support payments resides. Muench has never argued that he was unaware that his children lived in Florida, and we do not believe that any fairness concerns arise from prosecuting him where his children experienced the effects of his offense.

Congress enacted the CSRA to address the difficulties associated with interstate collection of child support. *See* H.R.Rep. No. 771 (1992).[3] As the district court noted, this case presents an excellent example of the statute operating as it was intended by filling "the gaps created by competing state enforcement mechanisms." (R.1-25-10). Over an eight-year period, Texas and Florida state agencies have been unable to collect child support from Muench. Muench's former wife has obtained a total of four state court orders requiring payment of support, none of which have

---

[3]We agree with the district court that Congress did not pass the CSRA merely to aid collection of child support in cases where the parent with the duty to pay child support moves to another state to avoid this obligation. *See* (R.1-25-10). Muench still lives in Texas, where the initial order of support issued. Although there are references in the legislative history of the CSRA to the scenario involving a parent who relocates to evade collection efforts, we read the legislative history to indicate that the statute was passed to deal with the problems associated with interstate collection of child support in general. *See* H.R.Rep. No. 771 (1992). More importantly, the language of the statute itself does not limit violations of the CSRA to situations in which the parent owing support moves to a different state. *See* 18 U.S.C.A. § 228.

11

been obeyed. Proper venue should promote a criminal statute's goals, not eviscerate them. *Murphy,* 117 F.3d at 140. With this in mind, we hold that venue was proper in this case in Florida, where the victims of Muench's crime reside.

B. EX POST FACTO CLAUSE

The district court did not err in ordering Muench to pay the full amount of child support owed, including the amounts that accrued prior to the effective date of the CSRA. Muench challenges this award under the Ex Facto Clause of the Constitution. A law is prohibited as ex post facto if it (1) punishes as a crime an act previously committed, which was innocent when done; (2) makes the punishment for a crime more burdensome after its commission; or (3) deprives a defendant of any defense available according to law at the time when the act was committed. *Collins v. Youngblood,* 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).

The district court's restitution award does not create an ex post facto problem because the CSRA criminalizes failure to pay child support that was past due after the CSRA became effective. *United States v. Hampshire,* 95 F.3d 999, 1006 (10th Cir.1996), *cert. denied,*—U.S.—, --- U.S. ----, 117 S.Ct. 753, 136 L.Ed.2d 690 (1997). Muench did not violate the CSRA by failing to make regular payments prior to October 25, 1992; he violated the statute by not making payments after the law's enactment. *See* 18 U.S.C.A. § 228(a) (providing for punishment for anyone who "willfully fails to pay a past due support obligation").

## V. CONCLUSION

For the foregoing reasons, we affirm the district court's orders denying Muench's motion to dismiss for improper venue and requiring him to pay restitution.

AFFIRMED.

12