[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13063
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00113-WKW-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE WARE,

Defendant-Appellant.

_____

No. 10-13064
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cr-00113-WKW-TFM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES STEINER,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama

_____

(September 7, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Wayne Ware and James Steiner appeal their convictions and sentences for

conspiracy to commit a carjacking, in violation of 18 U.S.C. § 371, aiding and

abetting a carjacking, in violation of 18 U.S.C. §§ 2119 and 2, as well as aiding

and abetting the use and carrying of a firearm during and in relation to a crime of

violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. On appeal, Ware and

Steiner raise a number of arguments. First, they argue that there was insufficient

evidence to support their convictions for conspiracy to commit carjacking and

aiding and abetting a carjacking. They also argue that the government failed to

establish venue by a preponderance of the evidence because there was no

testimony that the crimes occurred in the Middle District of Alabama. Next, Ware and Steiner contend that the district court erred by applying the obstruction of justice enhancement based upon their suborning alibi witnesses' testimony without making a sufficient finding of fact that the alibi witnesses committed perjury. Finally, they argue that their sentences are substantively unreasonable as Ware's sentence overstates his criminal history, and Steiner's does not reflect the fact that he is a first-time offender.

Additionally, Steiner argues that there was insufficient evidence to support his conviction for aiding and abetting the use and carrying of a firearm during a crime of violence because there was no evidence that he had or discharged a firearm. Steiner also contends that the district court erred by failing to grant his request for a minor role reduction pursuant to U.S.S.G. § 3B1.2.

I.

We review a challenge to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government. *United States v. Jones*, 601 F.3d 1247, 1267 (11th Cir. 2010). We must decide whether the evidence was sufficient to support the jury's conclusion that the defendant was guilty beyond a reasonable doubt, and we resolve credibility choices in support of the jury's verdict. *Id*. We will not disturb the verdict unless no trier of fact could have

3

found guilt beyond a reasonable doubt. *United States v. Ibarguen-Mosquera*, 634 F.3d 1370, 1385 (11th Cir. 2011). An accomplice's uncorroborated testimony can be sufficient to prove guilt. *Craig v. Singletary*, 127 F.3d 1030, 1044–45 (11th Cir. 1997) (en banc).

Conspiracy to Commit Carjacking

Section 371 prohibits two or more persons from conspiring to commit any offense against the United States or any agency thereof. "To sustain a conviction for conspiracy, the government must prove (1) the existence of an agreement to achieve an unlawful objective; (2) the defendant[s'] knowing and voluntary participation in the conspiracy; and (3) an overt act in furtherance of the conspiracy." *Ibarguen-Mosquera*, 634 F.3d at 1385 (alteration in original) (internal quotation marks omitted).

The existence of an agreement is normally proved through circumstantial evidence. *United States v. Glinton*, 154 F.3d 1245, 1258 (11th Cir. 1998), *see also United States v. Moore*, 525 F.3d 1033, 1040 (11th Cir. 2008) ("[A]n agreement may be demonstrated by circumstantial evidence of a meeting of the minds to commit an unlawful act."). And "[a] defendant's knowing participation in a conspiracy may be established through proof of surrounding circumstances such as acts committed by the defendant which furthered the purpose of the conspiracy."

4

*United States v. Bain*, 736 F.2d 1480, 1485 (11th Cir. 1984). The government does not have to prove that a defendant knew every detail or participated in every stage of the conspiracy. *United States v. McNair*, 605 F.3d 1152, 1196 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1600 (2011).

There was sufficient evidence to sustain both Ware's and Steiner's convictions for conspiracy to commit carjacking. At trial, Ware's and Steiner's co-conspirator testified that they were together on the night of the carjacking, that it was Ware's idea "to go hit a lick," and that Steiner did not object. Additionally, the jury heard testimony that Ware fired at the victims' car and that Steiner drove the victims' car while fleeing the scene. Thus, there was sufficient evidence to establish (1) that there was an agreement to achieve an unlawful objective, (2) that Ware and Steiner knowingly and voluntarily participated in the conspiracy, and (3) that both committed acts in furtherance thereof.

Carjacking

Section 2119 provides, in pertinent part, that "[w]hoever, with the intent to cause death or serious bodily harm" takes a motor vehicle "from the person or presence of another by force and violence or by intimidation, or attempts to do so" shall be fined or imprisoned for up to 15 years, or both. "The intent requirement of § 2119 is satisfied where the government proves that at the moment the

defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car." *United States v. Fulford*, 267 F.3d 1241, 1244 (11th Cir. 2001) (internal quotation marks omitted). We judge the defendants' intent objectively, "from the visible conduct of the actor and what one in the position of the victim might reasonably conclude." *Id.* (internal quotation marks omitted).

Section 2(a) provides that whoever commits an offense against the United States or aids and abets in its commission is punishable as a principal. "To prove guilt under a theory of aiding and abetting, the government must prove: (1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in its commission." *United States v. Camacho*, 233 F.3d 1308, 1317 (11th Cir. 2000).

Here, there was substantial evidence to sustain the defendants' convictions for aiding and abetting in the carjacking with the intent to cause serious bodily harm or death. The testimony sufficiently established Ware's and Steiner's presence and participation in the carjacking, because the testimony placed both men at the scene of the carjacking, actively taking part in the theft. There was sufficient evidence that Ware possessed the requisite intent because he was

identified as one of the two men shooting at the Impala. With respect to Steiner, regardless of whether he possessed a firearm, he is liable as a principal because two of his co-conspirators discharged firearms towards the Impala, and he participated in the substantive offense by committing acts in furtherance of carjacking. Thus, because Ware and Steiner possessed the requisite intent while stealing the car, there is sufficient evidence to sustain their convictions.

Use or Possession of a Firearm in Furtherance of a Crime of Violence

Section 924(c)(1)(A) provides that it is unlawful for any person to use or carry a firearm during a crime of violence. And a person who "'aids, abets, counsels, commands, induces or procures' the commission of the offense 'is punishable as a principal.'" *United States v. Williams*, 334 F.3d 1228, 1232 (11th Cir. 2003) (quoting § 2). "To prove aiding and abetting a § 924(c) offense, the government must show that the substantive offense of carrying or using a firearm in relation to a crime of violence was committed, that the defendant associated himself with the criminal venture, and that he committed some act that furthered the crime." *Id*.

In the instant case, there was sufficient evidence to support Steiner's § 924(c) conviction. The jury heard testimony that two of Steiner's co-conspirators discharged their firearms during the commission of the carjacking.

The evidence also established that Steiner associated himself with the carjacking and committed acts in furtherance thereof by driving the stolen vehicle. Steiner was also aware that Ware had placed guns into the Blazer before the men left to "go hit a lick." Because the evidence established that Steiner aided and abetted the commission of the § 924(c) offense, Steiner is liable as a principal. Thus, sufficient evidence supports Steiner's § 924(c) conviction.

## II.

We review *de novo* the district court's venue determination. *United States v. Muench*, 153 F.3d 1298, 1300 (11th Cir. 1998). A defendant has a Sixth Amendment right to be tried in the district in which he committed the offense. *Id.* "For purposes of venue, the government must prove by a preponderance of the evidence that the crimes occurred within the district of trial. When circumstantial evidence as a whole reasonably supports the inference that the crime was committed in the trial district, the government's burden is satisfied." *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1217 (11th Cir.), *cert. denied*, 131 S. Ct. 393 (2010) (alteration omitted) (citation omitted) (internal quotation marks omitted). We view the evidence in the light most favorable to the government, making all reasonable inferences and credibility choices in favor of the jury verdict. *United States v. Stickle*, 454 F.3d 1265, 1270 (11th Cir. 2006).

Here, the government proved by a preponderance of evidence that the carjacking took place in the Middle District of Alabama. As a matter of law, Lowndes County is located in the Middle District of Alabama. 28 U.S.C. § 81(b)(1). At trial, all of the victims and a co-conspirator identified Bates Cutoff Road, located in Fort Deposit, Alabama, in Lowndes County, as the specific street where the carjacking took place. Thus, the government presented sufficient evidence from which the jury could infer venue.

## III.

When reviewing an enhancement for obstruction of justice, we review the district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts *de novo*. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006). The district court can impose a two-level enhancement for obstruction of justice if, *inter alia*, "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. Covered conduct includes "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1 cmt. n.4(B). For the purposes of applying this enhancement, perjury is "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of

9

confusion, mistake, or faulty memory." *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002) (internal quotation marks omitted). A person suborns perjury when he "procures another to commit any perjury." 18 U.S.C. § 1622. The district court can apply the obstruction of justice enhancement when the defendant calls a witness to testify on his behalf knowing that the witness will give perjured testimony. *United States v. Bradberry*, 466 F.3d 1249, 1255 (11th Cir. 2006) (per curiam).

The district court did not clearly err in applying the enhancement to either Ware or Steiner. Neither defendant challenges the district court's finding as to the materiality of the witnesses' testimony. Both defendants had personal knowledge of the truth or falsity of their alibi witnesses' testimony because the witnesses testified that Ware and Steiner were personally with them at various points during the night of the carjacking. By knowing that these witnesses would testify falsely, but choosing to call them in their defense, Ware and Steiner procured their testimony at trial and, thereby, either suborned perjury or aided, abetted, procured, or willfully caused perjury before the district court. *See id.* at 1255. Additionally, contrary to Ware's and Steiner's assertion, the district court did make a sufficient finding of fact in that it agreed with the jury's verdict and found that the alibi

witnesses were not credible. Therefore, the district court did not clearly err in applying the obstruction of justice enhancement.

IV.

We review a district court's denial of a minor-role reduction for clear error. *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir.), *cert. denied*, 130 S. Ct. 2123 (2010). The Guidelines provide that a defendant may receive a decrease in his offense level based on his role in the offense, either as a minimal participant or a minor participant. U.S.S.G. § 3B1.2(b). A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. In determining whether a defendant is entitled to a minor-role reduction, the district court (1) "must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level"; and (2) "may compare the defendant's conduct to that of other participants involved in the offense." *Bernal-Benitez*, 594 F.3d at 1320 (internal quotation marks omitted).

Here, the district court did not clearly err by denying Steiner's request for a minor role reduction. The court considered Steiner's participation in the crime and all that Steiner was responsible for through the conspiracy, in addition to suborning perjury. Steiner drove the Blazer, which he used to disable the Impala

11

by crashing into it.  Steiner also served as the getaway driver, driving the Impala when he and his co-conspirators fled the scene.  Moreover, as we previously discussed, Steiner was also liable as a principal for the use and possession of a firearm.  In addition, Steiner suborned perjury.  Thus, Steiner did not act as a minor participant.

The court's discussion of what factors weighed against Steiner reflects the court's consideration of Steiner's role in the offense and the relevant conduct pertaining to his sentence.  Therefore, the district court engaged in the proper discussion when determining whether a minor role reduction was appropriate.  Contrary to Steiner's contention, he was not automatically entitled to a minor role reduction because there was no evidence that he carried or used a firearm during the carjacking.  Thus, the district court did not clearly err by denying it.

V.

We also find the defendants' sentences reasonable under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Both of their sentences fell below the statutory maximum of 15 years and were within their respective Guidelines ranges.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (holding that the sentence was reasonable in part because it was well below the statutory maximum); *United States v. Talley*, 431

F.3d 784, 788 (11th Cir. 2005) (per curiam) (we ordinarily expect within-Guidelines sentences to be reasonable). Additionally, the district court properly rejected Ware's arguments about his criminal history because there was clear testimony that he was responsible for the guns and had a leadership role in the crime. With respect to Steiner, the district court considered his age and that he was a first-time offender, but it also noted that he was the driver of both vehicles involved in the carjacking. Because the district court specifically considered Ware's and Steiner's arguments and had well-founded reasons for rejecting them, the district court did not abuse its discretion.

**AFFIRMED.**