[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13906
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cr-00428-PCH-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TARIQ KHALIL JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 6, 2019)

Before BRANCH, EDMONDSON, and HULL, Circuit Judges.

PER CURIAM:

Tariq Jones appeals his convictions for 10 counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); 11 counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(C)(ii); 1 count of discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and 1 count of carjacking, in violation of 18 U.S.C. § 2119.  No reversible error has been shown; we affirm.[1]

I.

Jones first challenges the district court's denial of his pretrial motion to dismiss Counts 7 through 12 for improper venue.  Jones argues that -- because Counts 7 through 12 charged Jones with robberies and firearm offenses that he contends took place in Georgia -- venue was not proper in the Middle District of Alabama.

We review <u>de novo</u> the district court's denial of a motion to dismiss for improper venue.  <u>United States v. Muench</u>, 153 F.3d 1298, 1300 (11th Cir. 1998).

---

[1] Jones raises no challenge to his sentence on appeal.

2

A criminal defendant has a constitutional right to be tried in the federal district where the crime was committed. Id. "[V]enue is an essential element of the government's proof at trial." United States v. Snipes, 611 F.3d 855, 865 (11th Cir. 2010). When an indictment is valid on its face, "a court may not dismiss the indictment . . . on a determination of facts that should have been developed at trial." Id. at 866. Whether venue was proper is a question of fact that must be left to the jury to decide. Id.

As an initial matter, Jones pursued no challenge in the district court to the facial adequacy of the indictment.[2] Instead, Jones challenged only the sufficiency of the government's evidence supporting venue. A determination about venue, however, would have required a factual determination about whether Jones committed acts in furtherance of the Georgia robberies within the Middle District of Alabama. This factual determination was one that must be made by the jury based on evidence developed at trial; the district court committed no error in

---

[2] Counts 7 through 12 of the Superseding Indictment charged Jones as in these words: "On or about [date], within the Middle District of Alabama, and elsewhere, TARIQ KHALIL JONES, defendant herein, while aiding and abetting and being aided and abetted by others," did knowingly rob at gunpoint businesses in Georgia. At the hearing on Jones's pretrial motion to dismiss, Jones's lawyer conceded that the aiding-and-abetting language in the Superseding Indictment -- on its face -- was adequate to support venue in the Middle District of Alabama for Counts 7 through 12.

3

dismissing without prejudice Jones's pretrial motion to dismiss for improper venue.  See id.

## II.

Jones next challenges the district court's denial of Jones's ex parte request for funds to hire an expert witness to testify about eyewitness identification.  Jones sought to have the expert witness testify about how certain factors, like stress and race, can lead to misidentifications.

We reject Jones's argument as foreclosed by our binding precedent.  In United States v. Smith, we explained that we have long disfavored the kind of expert testimony Jones sought to present and concluded expressly that "a district court does not abuse its discretion when it excludes expert testimony on eyewitness identification" because that testimony is often unhelpful to the jury.  See 122 F.3d 1355, 1359 (11th Cir. 1997) (citing United States v. Thevis, 665 F.2d 616, 641 (5th Cir. Unit B 1982)).

III.

Jones next challenges the district court's denial of Jones's pretrial motion in limine. Jones sought to exclude a spontaneous statement Jones made to police at the time of his arrest -- and before Jones was read his Miranda[3] warnings -- in which Jones asked the officers "how many robberies [they] had him on." Jones contends that the statement was ambiguous and should have been excluded because its probative value was outweighed by the danger of unfair prejudice.

Because Jones raised no objection at trial to the admissibility of his spontaneous statement, we review this argument only for plain error. See United States v. Brown, 665 F.3d 1239, 1247 (11th Cir. 2011) (when a defendant objects to evidence in a pretrial motion in limine but fails to renew the objection at trial, the district court's evidentiary ruling is reviewed under a plain error standard). Under plain error review, the defendant must demonstrate (1) an error (2) that is plain and (3) that affected his substantial rights and that (4) "the error seriously affected the fairness, integrity, or public reputation of the district court proceedings." Id. at 1247 n.3.

_____

[3] Miranda v. Ariz., 384 U.S. 436 (1966).

5

A district court "may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice." Fed. R. Evid. 403. We have said, however, that "Rule 403 is an extraordinary remedy which the district court should invoke sparingly." United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003) (quotations omitted). In considering admissibility under Rule 403, we view "the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." Id. Because "the district court is uniquely situated to make nuanced judgments on questions that require the careful balancing of fact-specific concepts like probativeness and prejudice, . . . we are loathe to disturb the sound exercise of its discretion in these areas." United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003).

We see no error -- and certainly no plain error -- in the district court's ruling that Jones's spontaneous statement was admissible at trial. Although Jones's statement contained no details specific to the charged offenses, the statement was not so ambiguous that it lacked probative value. To the contrary, the statement tended to show not only that Jones may have had some involvement in a robbery but that Jones also knew that multiple robberies had taken place. Given the other strong evidence of Jones's guilt presented at trial, we cannot say that the highly

6

probative value of Jones's statement was far outweighed by the danger of unfair prejudice such that exclusion under Rule 403 would have been mandated.

IV.

Jones also challenges the district court's denial of his motion for judgment of acquittal. About Counts 9 through 12, Jones argues that the government failed to prove that venue was proper. About Counts 22 and 23 (carjacking and the related firearm offense), Jones argues that the government failed to prove that he "took or attempted to take a motor vehicle from or in the presence of another." About the remaining counts for Hobbs Act robberies and related firearm offenses, Jones contends that the government failed to prove that his alleged acts obstructed, delayed, or affected interstate commerce.

"We review de novo a district court's denial of judgment of acquittal on sufficiency of the evidence grounds." United States v. Rodriguez, 732 F.3d 1299, 1303 (11th Cir. 2013). In determining the sufficiency of the evidence, "we consider the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices in the government's favor." Id. We cannot overturn a jury's verdict unless no "reasonable construction of the evidence

7

would have allowed the jury to find the defendant guilty beyond a reasonable doubt."  Id.

### A.  Counts 9 through 12

Unless provided otherwise by statute, we determine venue based on "the nature of the crime alleged and the location of the act or acts constituting it." United States v. Rodriguez-Moreno, 526 U.S. 275, 279 (1999).  Venue is appropriate in the district where the offense was committed.  Fed. R. Crim. P. 18. An offense against the United States may be "prosecuted in any district in which such offense was begun, continued, or completed."  18 U.S.C. § 3237(a).

Direct proof of venue is not required "where circumstantial evidence in the record as a whole supports the inference that the crime was committed in the district where venue was laid."  United States v. Davis, 666 F.2d 195, 199 (5th Cir. Unit B 1982).  The government need only "prove[] by a preponderance of the evidence that the crimes occurred in the district in which the defendant was prosecuted."  United States v. Breitweiser, 357 F.3d 1249, 1253 (11th Cir. 2004) (quotation omitted).

Counts 9 and 11 charged Jones with aiding and abetting two separate Hobbs Act robberies in LaGrange, Georgia. Counts 10 and 12 charged Jones with aiding and abetting the use, possession, and brandishing of a firearm in furtherance of those robberies. A person may be convicted of an offense under an aiding-and-abetting theory if the government proves that the defendant "(1) [took] an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." United States v. Sosa, 777 F.3d 1279, 1292 (11th Cir. 2015).

Viewing the evidence in the light most favorable to the government and making all reasonable inferences in favor of the jury verdict, the government proved by a preponderance of the evidence that venue for Counts 9 through 12 was proper in the Middle District of Alabama. First, the evidence established that -- on the night of 16 January 2016 -- Jones and his accomplice engaged in a robbery spree that began with three robberies in Alabama and continued into Newnan, Georgia, where Jones committed the QuikTrip robbery underlying Counts 7 and 8.[4] The two LaGrange, Georgia, robberies underlying Counts 9 through 12 occurred a couple of days later (on 17 January and on 19 January). Although these robberies -- unlike the Newnan robbery -- involved no immediately preceding

_____

[4] On appeal, Jones raises no substantive challenge to venue for Counts 7 and 8.

9

Alabama robbery, cell tower records showed that Jones traveled from Alabama to Georgia on the night of each robbery.

Based on evidence presented at trial, the jury -- the jury had been instructed to consider venue specifically as part of a finding on guilt -- could have determined reasonably that Jones armed himself with a gun while at his residence in Tuskegee, Alabama, traveled with his accomplice from Alabama to Georgia with the intent to commit a robbery, and then traveled back to Alabama after each robbery was committed.  This evidence supports the jury's determination that it was more likely than not that Jones -- while in the Middle District of Alabama -- engaged in affirmative acts in furtherance of the charged robbery and firearm offenses and did so with the intent of facilitating the commission of those offenses.  See United States v. Carpenter, 819 F.3d 880, 891 (6th Cir. 2016), rev'd on other grounds by Carpenter v. United States, 138 S. Ct. 2206 (2018) (although defendant was charged with aiding and abetting a Hobbs Act robbery in Ohio, venue was proper in Michigan based on evidence that defendant (while in Michigan) recruited accomplices, discussed with his accomplices the general scheme for the robbery, made arrangements to acquire a gun once they arrived in Ohio, and drove himself and his accomplices from Michigan to Ohio to carry out the robbery).

10

The district court committed no error in denying Jones's motion for judgment of acquittal of Counts 9 through 12 based on improper venue.

B.  Counts 22 & 23

To sustain a conviction for carjacking under 18 U.S.C. § 2119, "the government must prove that the defendant (1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation."  United States v. Diaz, 248 F.3d 1065, 1096 (11th Cir. 2001).  Jones challenges only the second element: Jones contends that because he did not actually start the engine or move the car, the government failed to prove that Jones took or attempted to take the car.

This Court has not addressed expressly what constitutes a "taking" under section 2119.  Other circuits, however -- drawing from common law robbery and larceny -- have defined the term "taking" to mean "the acquisition by the robber of possession, dominion or control of the property for some period of time."  See United States v. Wright, 246 F.3d 1123, 1126 (8th Cir. 2001); United States v. Moore, 73 F.3d 666, 669 (6th Cir. 1996); see also United States v. Figueroa-

11

Cartegena, 612 F.3d 69, 78 (1st Cir. 2010) (at common law, "taking" was a term of art referring "to the act of 'securing dominion' over something."). We accept this view of the law.

Viewed in the light most favorable to the government, we conclude that the evidence presented at trial was sufficient to support Jones's conviction for carjacking. The evidence showed that H.D. was sitting in her car, talking on her cell phone, while parked in a Family Dollar store parking lot. Jones exited the store, approached H.D.'s car, pointed a gun at H.D., and told H.D. to get out of the car. Jones then demanded that H.D. give him her keys, wallet, and cell phone, which she did. Jones then got into the driver's seat. At that moment, Jones had acquired by force and intimidation exclusive possession, dominion, and control of H.D.'s car. Under the facts of the case, we are persuaded that such exclusive possession, dominion, and control was sufficient to constitute a "taking" for purposes of section 2119.

## C.  Effect on Interstate Commerce

A defendant is guilty of Hobbs Act robbery when he "in any way or degree obstructs, delays, or affects commerce or the movement of any article or

commodity in commerce, by robbery or extortion . . . or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section." 18 U.S.C. § 1951(a). To satisfy the jurisdictional requirement, the government need only show that the offense had at least "a minimal effect on interstate commerce." United States v. Gray, 260 F.3d 1267, 1272 (11th Cir. 2001). Examples of a "minimal effect" sufficient to meet the jurisdictional requirement include that a robbery deprived a business of cash, disrupted normal business operations, or caused the business to lose the use of its cash register. See id. at 1276; United States v. Rodriguez, 218 F.3d 1243, 1244 (11th Cir. 2000).

Viewed in the light most favorable to the government, the evidence presented at trial was sufficient to permit a reasonable factfinder to conclude beyond a reasonable doubt that Jones's robberies had at least a minimal impact on interstate commerce. The evidence showed that for each of the ten charged Hobbs Act robberies, Jones -- using a firearm -- took money out of the business's cash drawer or safe and caused the business to close for some time following the robbery. This kind of impact is enough to demonstrate an effect on interstate commerce under the Hobbs Act.

13

Because the evidence was sufficient to permit a jury to conclude reasonably that Jones was guilty beyond a reasonable doubt of the charged offenses, the district court committed no error in denying Jones's motion for judgment of acquittal.

AFFIRMED.

14