[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12561
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00017-WS-MU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERCIRILO MURILLO RUIZ,
a.k.a. Ericirilo Murillo Ruiz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(April 24, 2020)

Before JILL PRYOR, LAGOA and HULL, Circuit Judges.

PER CURIAM:

Ercirilo Murillo Ruiz appeals his conviction for one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70503(a) and 70506(b).  Without holding an evidentiary hearing, the district court denied Ruiz's motions to dismiss the indictment and to suppress, and Ruiz challenges both rulings.  After careful review, we affirm.

## I.    BACKGROUND

We assume the parties are familiar with the facts and do not recount them here.  We note, however, that we recently decided identical claims brought by Ruiz's codefendant, Teofilo Ruiz-Murillo, and in that opinion we explained the facts related to the codefendants' offense.  *See United States v. Ruiz-Murillo*, 736 F. App'x 812, 814-15 (11th Cir. 2018) (unpublished).  As we recounted in detail there, Ruiz and Ruiz-Murillo moved to dismiss the indictment, arguing that: (1) the United States lacked subject matter jurisdiction because the vessel upon which they were apprehended was not stateless and was not in international waters when the Coast Guard stopped them; (2) the MDLEA was unconstitutional because it lacked a requirement that the government prove a nexus between the United States and the defendants; and (3) the Southern District of Alabama was not the appropriate venue.  Ruiz and Ruiz-Murillo also moved to suppress evidence seized

2

from a warrantless search of the vessel, reiterating the argument that the government failed to prove the vessel's presence in international waters as the MDLEA requires and arguing that the government failed to show reasonable suspicion for the search. Without holding a hearing, the district court denied the motions. *See Ruiz-Murillo*, 736 F. App'x at 815 (explaining the government's response to the motion to dismiss and the district court's order).

Ruiz and Ruiz-Murillo then pled guilty, Ruiz-Murillo with a conditional plea, *see id.*, and Ruiz without the benefit of a plea agreement. At his change of plea hearing, Ruiz admitted to the facts as proffered by the government, including that his vessel was in international waters and was stateless because Colombia could not confirm or deny its nationality. In pleading guilty without a plea agreement, unlike his codefendant Ruiz-Murillo, Ruiz did not expressly reserve the right to appeal issues raised in his pretrial motions. *See id.* The district court sentenced Ruiz to 60 months' imprisonment followed by 5 years' supervised release. This is Ruiz's appeal.

## II.    STANDARDS OF REVIEW

We review *de novo* questions of constitutional law, statutory subject matter jurisdiction, and a district court's denial of a motion to dismiss an indictment for improper venue. *United States v. Whatley*, 719 F.3d 1206, 1213 (11th Cir. 2013) (constitutional questions); *United States v. McPhee*, 336 F.3d 1269, 1271 (11th

3

Cir. 2003) (subject matter jurisdiction); *United States v. Muench*, 153 F.3d 1298, 1300 (11th Cir. 1998) (venue).  We also review *de novo* whether a defendant has waived his right to appeal an issue by entering an unconditional guilty plea. *United States v. Patti*, 337 F.3d 1317, 1320 & n.4 (11th Cir. 2003).  We review a district court's denial of an evidentiary hearing for an abuse of discretion.  *United States v. Barsoum*, 763 F.3d 1321, 1328 (11th Cir. 2014).

## III.   DISCUSSION

On appeal Ruiz argues that the district court erred in denying his motion to suppress.  He also argues that the district court erred in denying his motion to dismiss the indictment.  Specifically, he argues:  (1) due process required that he have an evidentiary hearing; (2) the government failed to prove that his vessel was stateless and therefore subject to the jurisdiction of the United States; (3) the district court improperly relied on certain evidence to conclude that the vessel was subject to the United States' jurisdiction, including testimony admitted at a preliminary hearing before a magistrate judge; (4) the district court wrongly concluded that venue was proper in the Southern District of Alabama; and (5) the MDLEA is unconstitutional because it lacks a requirement that the government prove a nexus between the defendant and the United States.

By pleading guilty unconditionally, Ruiz has waived all but the last of these arguments.[1] *United States v. Smith*, 532 F.3d 1125, 1127 (11th Cir. 2008) ("The general rule is that a guilty plea waives all non-jurisdictional challenges to a conviction."). The waived arguments include his challenges to the district court's denials of his motion suppress evidence and his motion to dismiss the indictment for lack of venue. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167-68 (1939) (holding that venue is non-jurisdictional and can be waived); *United States v. Charles*, 757 F.3d 1222, 1227 n.4 (11th Cir. 2014) (explaining that an unconditional guilty plea results in waiver of a challenge to the district court's denial of a motion to suppress evidence). Further, Ruiz's guilty plea waived his challenge to the district court's denial of these motions without an evidentiary hearing. *See Smith*, 532 F.3d at 1127.

Ruiz's guilty plea also means he has waived his arguments that the government proffered insufficient evidence to support his conviction and that the district court relied on improper evidence to show that the vessel was stateless and therefore subject to the United States' jurisdiction under the MDLEA. Ruiz's argument that his vessel was not stateless is a challenge to the district court's finding that the Coast Guard complied with the MDLEA, not to the subject matter

---

[1] It is undisputed that Ruiz's plea was unconditional. A conditional guilty plea must be in writing and consented to by the government and the district court. *United States v. Betancourth*, 554 F.3d 1329, 1332 (11th Cir. 2009).

5

jurisdiction of the district court.  *See United States v. McCoy*, 266 F.3d 1245, 1252 (11th Cir. 2001) ("[A]n indictment charging that a defendant violated a law of the United States gives the district court jurisdiction over the case and empowers it to rule on the sufficiency of the indictment.").  By pleading guilty, Ruiz admitted that the vessel was in international waters and was without a nationality.  Because a defendant who pleads guilty unconditionally "relinquishes any claim that would contradict the admissions necessarily made upon entry of a voluntary plea of guilty," *Class v. United States*, 138 S. Ct. 798, 805 (2018) (internal quotation marks omitted), Ruiz has relinquished his challenges to the evidence showing that the vessel was stateless.

Even if Ruiz's guilty plea did not bar our consideration of these arguments, we would reject them for the same reasons we rejected his codefendant's identical arguments.  *See Ruiz-Murillo*, 736 F. App'x at 816-19 & n.3 (concluding that the proof the government supplied to show that the vessel was stateless was sufficient; the district court was entitled to rely on the evidence challenged, including testimony before the magistrate judge; the district court was not required to hold an evidentiary hearing because the motion to dismiss failed to allege facts that, if proven, would require the grant of relief; venue was proper in the Southern District of Alabama; and the motion to suppress was properly denied).  Ruiz requests

generally that "this court [] revisit and reconsider that opinion," Appellant's Br. at 2 n.1, but he fails to specify any error in it.  We adopt its reasoning here.

The only argument Ruiz has not waived by pleading guilty is that his conviction should be vacated because the MDLEA is unconstitutional insofar as it does not require the government to prove a nexus between a defendant and the United States.  *See United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir. 2011) (holding that an unconditional guilty plea does not bar a defendant from challenging the constitutionality of the statute of conviction).  As Ruiz acknowledges, however, his argument is foreclosed by precedent.  We previously have held that "the conduct proscribed by the [MDLEA] need not have a nexus to the United States because universal and protective principles support its extraterritorial reach."  *United States v. Campbell*, 743 F.3d 802, 810 (11th Cir. 2014); *see also United States v. Wilchcombe*, 838 F.3d 1179, 1186 (11th Cir. 2016) (same).  We are bound to follow these decisions unless or until they are overruled by this Court sitting en banc or by the Supreme Court.  *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).[2]

## IV.    CONCLUSION

For the foregoing reasons, we affirm Ruiz's conviction.

---

[2] We reject Ruiz's contention that our decision in *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1249-58 (11th Cir. 2012), supports a different result.  *See Ruiz-Murillo*, 736 F. App'x at 818.

**AFFIRMED.**